Ruffin, C. J.
 

 The opinion delivered to the jury is founded on the decision of this court, in the case of
 
 Osborne
 
 v Cunningham, 4 Dev. & Bat. 423 ; and, as we think, is in conformity to that decision. On the part of the plaintiff, however, a distinction is taken between the case of ordinary joint and several contracts, and that before the court; which is the case of partners, each of whom had authority to request for both, and on the credit of both, another person to lend money to pay their partnership debt, or to become in any way responsible for it. We admit that there is that difference between the two cases. If one. of two makers of a promissory note borrow money to pay the debt, and therewith he doth pay it, the lender cannot look to the other maker of the note, saying that this money went to pay a debt
 
 *179
 
 for which he was liable; for it was not advanced at his request. On the other hand, one partner has authority to borrow money for the partnership purposes generally, and especially to pay a debt of the partnership; and for the money thus borrowed, or for that which the surety was compelled to pay upon his undertaking for the firm, each member of it is undoubtedly liable. But that distinction, as it occurs to us, will not sustain this action by taking it out of the rule of
 
 Osborne and Cunningham.
 
 For, although one, who lends the money or becomes responsible upon the request of one partner, may have his redress against all the partners ; yet that is only when he lends the money to the firm, or when he becomes responsible as surety for the debt of the partnership, as the debt of the partnership. With respect to advances of money, it is true that, if partners agree to borrow money and it goes to their use, the lender may come in upon the joint effects, although he took as a security the bond or note of an individual partner; as was decided in
 
 Ex-parte Brown,
 
 cited in
 
 Ex-parte
 
 Hunter, 1 Atk. 225. But it was held by Loud Hardwicke, in the latter case, that where the contract was not made with both partners, but the money was lent to one of them, though for the purpose oí being applied to a partnership in which he was engaged, and the lender took his separate bond, he was confined to his remedy on the bond, and could not make the partnership liable, on the ground that it had the benefit of the money; for that was a matter between the partners themselves. The case of
 
 Bevan
 
 v
 
 Lewis,
 
 1 Sim. 376, is a very strong authority to the same effect. There, one partner, with the privity of his co-partner, borrowed money in his own name, and gave his separate notes for it, and it was applied to the purposes of the partnership by being paid, by the direction of the co-partner, to the bankers of the co-partners to their joint credit and used in payment of their debts; yet, after judgment on the notes, and execution served on the stock and effects of the company, it was held, on the bill of the other partner, that the judgment creditors could, in equity, only subject the share in the surplus of the defendant in
 
 *180
 
 execilt'on
 
 7
 
 and consequently, -the partnership accounts taken in order to ascertain what was comino; to that partner. To the same effect, is the case at law, of
 
 Lloyd v Freshfield,
 
 2 Carr and Payne, 325. These cases seem to establish a general principle, that in point of law the contract must be joint in order to charge thereon the partnership ; and that it is not sufficient to make it a joint contract, that the money was applied to a partnership debt, provided it was not advanced upon a treaty with the partnership, but was advanced to one of the partners and upon his separate security. Thus, if Ferguys had given the note of “-Robards & Ferguys,” for the debt to Doremus, Suydam and Nixon, and Foley had joined therein as surety, it is dear that the plaintiff would be entitled to an indemnity from the joint effects.of both partners. But if Ferguys had given his own note for the debt, and Foley had executed that note as his surety, the cases cited establish, that the form of that contract would limit Foley’s recourse to Ferguys, although the debt originally was that of “ Robards and Ferguys.” In point of law, .that separate note of Ferguys was not the joint contract of the partnership ; and that gives character .to the remedy of the .creditor and of the surety.. The same principle applies to the case of the plaintiff’s undertaking as the bail of one of the partners. The creditor in that action could take no steps upon that judgment against Robards, n.or could the bail arrest Robards and surrender him, .so that h.e plight
 
 be
 
 imprisoned and enforced to pay the debt in discharge of the bail. He had the right to discharge himself by taking Fer-guys, and he is confined to 1ns redress against him. In point of form and law, the plaintiff entered into no engagement for “Robards and Ferguys,” or for Robards, but only for Fer-guys as
 
 Ms
 
 bail. It does not even appear that he knew the debt was a partnership debt. It would be a .dangerous application of the doctrine of substitution, to enable .a person, who pays money as the bail of one person, to have recourse for it against another person, who was remotely liable for it, if sued in another action. There is no case of the kind that we are aware of; and that there is none, is one of the
 
 *181
 
 strongest arguments and authorities against this action; since the instances must have been numerous, in which the bail of one partner has been obliged to pay a partnership debt.
 

 Peu Curiam. Judgment affirmed.